SANTOS JIMÉNEZ SOLÁ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1122. Submitted May 28, 1943.—Decided July 14, 1943.

*Enrique Rincón* for appellant.   The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The petitioner acquired by purchase from Ramón Díaz Reyes and Rosa Caballero, his wife, a lot located in Caguas. The deed of purchase was presented to the registrar, who refused to register it "because the lot had not been previously registered in favor of the vendors."

In order to cure the defect cited by the registrar, the petitioner then presented for registration the deed by which Díaz and his wife acquired the property in question from the Mayor of Caguas. The registrar refused to register this deed "because a preventive annotation of the same document was made . . . of another copy presented on December 2, 1942, the inscription of which was refused for the reasons noted at the bottom of that copy." The date of this ruling is April 20, 1943. The previous ruling to which he refers, refused inscription of the lot in question "because it appears from the registry that when Ramón Díaz Reyes acquired the house located on a lot of the Municipality of Caguas, on December 10, 1923, he also acquired the rights inherent to the lot on which it is located, and in mortgaging it in favor of Bartolomé Esteva Flaquer, the said mortgage was made extensive to the rights acquired to the lot, as provided in the third paragraph of §107 of the Mortgage Law; and when the mortgaged property was adjudicated to Esteva Flaquer in collection of his mortgage, the latter acquired all the rights on the mortgaged property; and as a result both the house as well as the rights acquired on the lot are now actually registered in favor of Isidoro Alvarez.  . . ."

This is a petition for review by Santos Jiménez Solá of the refusal of the registrar to register the said deed.

The petitioner alleges in his brief that the registrar committed an error of law in refusing to register the deed of purchase of Ramón Díaz, on which he founded his refusal to register the deed of the petitioner, since in accordance with paragraph 3 of §107 of the Mortgage Law, the lot in question was never covered by the mortgage on the house constructed on it. In addition the petitioner contends that this is not a proceeding against a ruling agreed to, but against a ruling refusing an inscription and based on a previous ruling agreed to.

The registrar has answered the aforesaid allegations, setting forth his contentions to the contrary, and it is for this court to determine which of the parties is right.

The petitioner is before this court exercising a right conferred by the Act of March 1, 1902 (Revised Statutes of 1911, §2180 *et seq.*, p. 425) against the rulings of the Registrar of the Property. The registrar contends that the petitioner "purports to revive the ruling denying registration, from which there was no appeal, by presenting the deed for a second time in the registry." He also alleges that the original ruling denying inscription having been consented to, the petitioner cannot revive it by presenting it again, and that we should therefore dismiss the appeal. In support of this contention, he cites a series of cases of this court, some of which are not in point because they involve situations in which the same party who consented to the ruling presented the deed for a second time, which this court has held cannot be done. See *Barreras* v. *Registrar of Property*, 15 P.R.R. 542; *Noriega* v. *Registrar of Property*, 15 P.R.R. 674; and *Hernández* v. *Registrar of Property*, 14 P.R.R. 768, cited by the registrar.

In the instant case the ruling denying registration was consented to by Díaz, from whom the petitioner acquired the

property; and it was presented for inscription on the second occasion by Jiménez Solá, the petitioner. A different person therefore was presenting the document on the second occasion. The ruling consented to by Díaz could not prejudice the right of the petitioner to ask for inscription of the document which had been denied and from which no appeal had been taken by Díaz. "The dismissal of an administrative appeal for failure of the appellant to bring the same in time is understood to be without prejudice to the rights of other interested parties who have not applied to the registry for admission of the same instrument or taken an administrative appeal from the decision of the registrar." *Bermúdez* v. *Registrar,* 41 P.R.R. 399, 403. See also *Colonial Company* v. *Registrador,* 1 S.P.R. 396, 401; *Behn* v. *Registrar of Property,* 21 P.R.R. 486, 497; *Nadal* v. *Registrar of San Germán,* 30 P.R.R. 74, 76.

The petitioner has therefore appeared in this court within time, inasmuch as the ruling appealed from although based on a previous one, is a new ruling refusing registration.

■■ The second question involved here is if the registrar committed an error of law in refusing the inscription of the lot in the name of Ramón Díaz Reyes. The registrar contends, in brief, that the title of Díaz Reyes is not recordable because when Díaz Reyes acquired the lot from the Municipality of Caguas on which the house belonging to Díaz was built and which was mortgaged to Esteva Flaquer, the mortgage was extended to the lot because the ownership and the usufruct of the lot were consolidated in Díaz, so that when the mortgaged property was adjudicated to Esteva Flaquer in payment of the mortgage credit, the latter acquired all the rights in the house and lot which Díaz had.

We do not believe that the registrar was correct in taking this position. The registrar bases his contention on an erroneous interpretation of paragraph 3, §107 of the Mortgage Law, which, in its pertinent part, reads as follows:

"Section 107.—The following may be mortgaged, but with the restrictions hereinafter mentioned:

.     .     .     .     .     .     .     .

"3. The mere ownership of property, in which case, if the usufruct should be merged therewith in the owner, the mortgage shall not only subsist, but it shall also extend to include the usufruct, in the absence of an agreement to the contrary."

This is not a case of usufruct, but of a building constructed on land not belonging to the builder. Therefore, paragraph 1 of Article 107 of the Mortgage Law applies. It provides as follows:

"1. Buildings erected on soil belonging to another person, which, if mortgaged by the person who constructed the same, shall be without prejudice to the right of the owner of the soil, and it being understood that the right of the person in the building constructed by him only shall be subject to the encumbrance."

It is also desirable to quote §64 of the Regulations of the Mortgage Law, which provides as follows:

"Section 64.—In every record which relates to estates in which the soil belongs to one person and the building or the plantings to another, such fact shall be clearly stated."

According to Luis Muñoz Morales in his book "Annotations to the Mortgage Law of Puerto Rico",—(Mimeographed) p. 370, *in fine:*

"From this we deduce that there can exist and there does exist in the registry an express separation between the building and the lot, when both belong to different owners, giving rise to separate specific registrations of separate rights, or in other words, two entities capable of registration, two properties, two different real property rights, and therefore what is built carries with it all the conditions required by the Mortgage Law, that is: *a real alienable registerable right.*"

In addition, from *Martin et al.* v. *Registrar of Arecibo,* 22 P.R.R. 139, we copy from the headnote that "When a building is constructed on the land of another person, both

the land and the building are principal things for the purposes of the Mortgage Law, and must be recorded in favor of each owner."

In *Rodríguez* v. *Registrar of San Juan,* 30 P.R.R. 460, 461, this court said:

". . . when the land and the building belong to different persons, each is a principal and neither is an accessory of the other, and . . . for the purpose of the Mortgage Law each must be recorded separately in the name of the respective owner."

See also the case of *Schroder* v. *Registrar of Caguas,* 34 P.R.R. 88.

"In order to record a mortgage on a house built on another's land it is necessary to record first the house in the name of its owner evidenced by a separate and independent entry from that of the owner of the land in the registry." *Suárez* v. *Registrar,* 36 P.R.R. 173 (syllabus).

There is no doubt that since two separate rights are involved, the mortgage could not be made extensive to the lot when it was acquired by the owner of the building constructed thereon.

For the aforesaid reasons, the ruling of the registrar will be reversed and the recordation of the title of the lot in favor of Ramón Díaz Reyes will be ordered.

Mr. Chief Justice Del Toro did not participate herein.